IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| v. | ) | Criminal No. 13-125 |
| | ) | Civil No. 18-771 |
| | ) | Judge Nora Barry Fischer |
| DONNIE MORRIS, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

I.    INTRODUCTION

This matter is before the Court on a Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255, ("Motion"), filed by *pro se* Defendant Donnie Morris ("Defendant"), (Docket No. 801), his Brief in Support, (Docket No. 802), the Government's opposition thereto, (Docket No. 814), and Defendant's Reply, (Docket No. 819). After careful consideration of the parties' submissions and for the following reasons, Defendant's Motion [801] is denied.

II.    BACKGROUND

A federal grand jury returned a two-count Indictment on April 30, 2013 against Defendant and a number of coconspirators. (Docket No. 1). This Indictment charged a conspiracy to distribute more than one kilogram of heroin from in or around January 2011 to in or around June 2012 as well as an attempt to possess with intent to distribute one kilogram or more of heroin on or about June 27, 2012 to on or about June 28, 2012, both in violation of 21 U.S.C. § 846. (*Id.*). Defendant was initially represented by court-appointed counsel, David DeFazio, Esq., but Kevin Abramovitz, Esq. entered an appearance on June 6, 2013, after

1

Defendant retained him as his counsel. (Docket No. 98). A Superseding Indictment was returned on July 23, 2013, expanding the time period of the conspiracy from January 2011 to May 2013, and adding two defendants. (Docket No. 141).

On November 3, 2014, Defendant knowingly and voluntarily pled guilty to one count of conspiracy to distribute and possess with intent to distribute 1 kilogram or more of heroin, in violation of 21 U.S.C. § 846 pursuant to a plea agreement with the Government. *See Plea Agreement dated 9/22/14*. As is the Court's practice, it conducted an extensive colloquy with Defendant to confirm that he was competent, understood the Constitutional and other rights that he was waiving by entering a guilty plea, and that he was knowingly and voluntarily pleading guilty. (Docket Nos. 498-99). The Court also addressed the terms of the plea agreement directly with Defendant, who assented, under oath, that he executed the plea agreement and stipulated to all of the following:

> • Defendant would plead guilty to Count 1 and Count 2 would be dismissed upon the imposition of sentence in this case;
>
> • the amount of heroin attributable to Defendant resulting from his commission of the offense was one to three kilograms;
>
> • the potential penalties for such offense included "[a] term of imprisonment of at least 10 years and up to life imprisonment"; and,
>
> • he would voluntarily forfeit three firearms to the United States and that the "firearms were possessed, at least in part, to facilitate the crime charged in Count 1 of the Superseding Indictment."

*Plea Letter dated 9/22/14* at §§ A.1; A.9; A.10; B.1; C.1; C.2. The applicable mandatory minimum penalty for such offense was later set forth in both the Presentence Investigation Report and the Court's Tentative Findings and Rulings. (Docket Nos. 551; 574). As the advisory guidelines range of 87-108 months was below the mandatory minimum, the advisory

guidelines range became 120 months' incarceration. (*Id*.).

The sentencing was continued several times at the request of the parties. (*See* Docket Nos. 582-83; 619-20; 662-63; 727-28). Defense counsel filed a Sentencing Memorandum on August 11, 2016 advocating that the Court depart from the mandatory minimum penalty of 10 years and sentence Defendant to a lesser period of incarceration. (Docket No. 733). He also presented a series of character letters in support of Defendant. (*Id*.). The Government filed a Response on August 16, 2016 arguing that the Court lacked the authority to depart from the mandatory minimum sentence. (Docket No. 734). The Government further noted that:

> [t]he statutory minimum sentence that applies to Mr. Morris is justified by the high-volume and extensive heroin trafficking that he personally engaged in, including while in possession of firearms. It is noteworthy that Mr. Morris' offense conduct extended over two years and was not some momentary lapse of judgment. He was given a fair and extended opportunity to avoid the statutory minimum sentence after he was indicted. He ultimately declined the opportunity and, in effect, agreed to receive a sentence no lower than the statutory minimum.

(*Id*. at 2). The Court conducted a telephone sentencing conference with counsel and the Probation Officer on August 25, 2016 at which time the Court had reviewed the parties' sentencing memoranda, provided them with a citation to *United States v. Salinas*, 580 F. App'x 113 (3d Cir. 2014) and advised it was bound "by the will of Congress" to enforce the mandatory minimum sentence. (*See* Docket No. 827 at 17).

The sentencing hearing was duly scheduled for August 30, 2016 at 9:30 a.m. but Mr. Abramovitz failed to appear at the scheduled time, causing the Court to convene the matter later that day at 2:30 p.m. (Docket Nos. 740; 741; 742). At the sentencing hearing, defense counsel acknowledged the mandatory minimum penalty of 120 months' incarceration, noted that without the mandatory minimum penalty Defendant's case would be the type where he would seek a

departure and/or variance from the advisory guidelines range under the section 3553(a) factors and that he wished he could make such an argument on Defendant's behalf but could not do so consistent with the law. (Docket No. 827). The prosecutor responded that the Court should impose the mandatory minimum penalty, as it had outlined in the Response. Defendant made a statement to the Court, acknowledging the wrongfulness of his actions and the "mistake" he had made by involving himself in heroin trafficking. (*Id*. at 15-16). After hearing the parties' positions, the Court denied Defendant's motion for a departure and/or variance, holding that it was constrained by the statutory mandatory minimum penalty and was required to sentence Defendant to 120 months' incarceration. (*Id*. at 16-18). In its discussion of the § 3553(a) factors, the Court stated that it was disappointing that Defendant had involved himself in heroin dealing given his personal history and characteristics, including that: he had a solid upbringing raised by two parents in a good environment; was a grown man in his late 20's at the time of this offense; was a well-educated college graduate with a B.S. from Edinboro who also served in the Navy; had a strong employment history including "dream jobs" with the Pittsburgh Pirates and Steelers; was involved in his church and had support of family and friends; had no history of mental, emotional or physical conditions; and was not a substance abuser himself. (*Id*. at 26-28). At the conclusion of the hearing, the Court made the following comments:

> Mr. Morris, I do wish you every good luck. In more ways than one, this is a sad day, not only for you and your family, but also for this Court. But the law is what the law is. And although you describe it as a bad mistake, it was not only a bad mistake. It was a lethal mistake. Heroin is a bad, bad drug. And drugs and guns together make for a mandatory minimum in your case.
>
> So, you know, I wish you every good luck. Do your best in serving your time. And if you continue on the path that you are, I hope that you garner good time.

(Docket No. 827 at 33-34). Ultimately, the Court imposed the mandatory minimum sentence of

4

120 months' incarceration; 5 years' supervised release; a $100 special assessment; and ordered that the three firearms be subject to forfeiture. (Docket Nos. 744). A fine was waived given Defendant's inability to pay. (*Id*.).

Defendant did not appeal his conviction or sentence to the Court of Appeals. (*See generally* Docket Report 13-125). Thus, the judgment became final 14-days after sentencing, i.e., on September 14, 2016. Defendant self-reported to the Bureau of Prisons and commenced his sentence on October 5, 2016. (Docket No. 749). Subsequently, on February 2, 2018, Mr. Abramovitz was arrested and charged with several offenses related to an overdose death of a friend in June of 2017 and attempts to cover up that episode.[1] *See Commonwealth v. Abramovitz*, CP-02-CR09991270-2018.[2]

The Court received Defendant's § 2255 Motion and Brief in Support on June 14, 2018. (Docket Nos. 801; 802). Defendant admits in his papers that his § 2255 motion is untimely but claims that he filed it within one-year of learning that his counsel had been charged such that § 2255(f)(4) or equitable tolling should operate to overcome the statute of limitations. (*Id*.). The Court advised Defendant of his rights under *United States v. Miller*, 197 F.3d 644 (3d Cir. 1999) and as he did not respond within 30 days, the Court ordered the Government to file a response. (Docket Nos. 803; 806). After receiving an extension of time, the Government filed its response in opposition on September 9, 2018. (Docket No. 814). Defendant submitted a Reply on October 11, 2018. (Docket No. 819). The official transcript of the sentencing proceeding was then filed on December 23, 2018. (Docket No. 827). No further briefing has been requested and

---

[1] The Court notes that according to various news reports, in January of 2019, Mr. Abramovitz's bond was revoked and he pled guilty to several misdemeanor offenses. *See e.g.*, "Defense attorney pleads guilty to covering up overdose death", *available at*: https://triblive.com/local/allegheny/14532264-74/defense-attorney-pleads-guilty-to-covering-up-overdose-death (last visited 2/1/19). The sentencing in his case has been delayed for several months while he participates in a rehabilitation program for substance abusers. *Id.*

[2] https://ujsportal.pacourts.us/DocketSheets/CPReport.ashx?docketNumber=CP-02-CR-0001270-2018&dnh=wnPMPaOeWWEOcbs%2bPjRi0w%3d%3d (last visited 2/1/19).

the Court considers the matter to be fully briefed and ripe for disposition.

 III. LEGAL STANDARD

A prisoner in federal custody may move to vacate his or her sentence under 28 U.S.C. § 2255(a) if such "sentence was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255(a). A motion under § 2255 is a collateral challenge that is viewed less favorably than a direct appeal and "relief under § 2255 is available only when 'the claimed error of law was a fundamental defect which inherently results in a complete miscarriage of justice, and ... present[s] exceptional circumstances where the need for the remedy afforded by the writ ... is apparent.'" *United States v. Travillion*, 759 F.3d 281, 288 (3d Cir. 2014) (quoting *Davis v. United States*, 417 U.S. 333, 346, 94 S.Ct. 2298, 41 L.Ed.2d 109 (1974)) (further quotations omitted). "A prisoner seeking relief on the grounds of ineffective assistance of counsel bears the burden to demonstrate two requirements," *United States v. Seeley*, 574 F. App'x. 75, 78 (3d Cir. 2014), which were initially set forth by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984). In order to prevail on a claim of ineffective assistance of counsel under *Strickland*, a defendant "must establish that (1) the performance of counsel fell below an objective standard of reasonableness; and, (2) counsel's deficient performance prejudiced the defense." *United States v. Otero*, 502 F.3d 331, 334 (3d Cir. 2007) (citing *Strickland*, 466 U.S. at 688, 694); *see also Roe v. Flores-Ortega*, 528 U.S. 470, 476-77 (2000) (citing *Strickland*, 466 U.S. at 688, 694) (same). The United States Court of Appeals for the Third Circuit has "endorsed the practical suggestion in Strickland [that the Court may] consider the prejudice prong before examining the performance of counsel prong 'because this course of action is less burdensome to defense counsel.'" *United States v. Lilly*, 536 F.3d 190, 196 (3d Cir. 2008) (quoting *United States v. Booth*, 432 F.3d 542, 546 (3d Cir. 2005)); *see also Strickland*,

466 U.S. at 697 ("If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed.").

Generally, a district court must order an evidentiary hearing in a federal habeas case if a criminal defendant's § 2255 allegations raise an issue of material fact. *United States v. Biberfeld*, 957 F.2d 98, 102 (3d Cir. 1992); *United States v. Tolliver,* 800 F.3d 138, 140-41 (3d Cir. 2015). But, if there is "no legally cognizable claim or the factual matters raised by the motion may be susceptible of resolution through the district judge's review of the motion and records in the case," the motion may be decided without a hearing. *United States v. Costanzo*, 625 F.2d 465, 470 (3d Cir. 1980); *see also Tolliver*, 800 F.3d at 140-41. If a hearing is not held, the district judge must accept the criminal defendant's allegations as true "unless they are clearly frivolous on the basis of the existing record." *Gov't of Virgin Islands v. Bradshaw*, 726 F.2d 115, 117 (3d Cir. 1984). Similarly, "vague and conclusory allegations contained in a § 2255 petition may be disposed of without further investigation." *United States v. Knight*, 2009 WL 275596, at *13 (W.D. Pa. 2009) (quoting *United States v. Thomas*, 221 F.3d 430, 437 (3d Cir. 2000)).

IV. DISCUSSION

Defendant claims that he was provided ineffective assistance of counsel during the plea and sentencing proceedings in his case because he followed the advice of Mr. Abramovitz, accepted the Government's offer to plead guilty to Count 1 and was subject to the statutory mandatory minimum sentence of 120 months' incarceration. (Docket Nos. 801-02; 819). The Government argues that Defendant's § 2255 motion is barred by the applicable statute of limitations and, alternatively, that it fails on the merits as Defendant cannot demonstrate that he was prejudiced by the alleged errors of his counsel. (Docket No. 814). Defendant admits that

his § 2255 motion is late but maintains that the limitations period should be tolled and that his sentence should be set aside so that he can be resentenced without consideration of the mandatory minimum because he only recently learned of his counsel's subsequent criminal conduct and substance abuse. (Docket Nos. 801-02; 819). He asserts that the mandatory penalty he received is so unfair that his counsel must have been under the influence when he advised him to accept the Government's plea offer. (*Id.*). Having considered the parties' arguments, the Court finds that Defendant's claims are barred by the statute of limitations and that they are otherwise without merit.

*A. Statute of Limitations*

Section 2255 motions are subject to a one-year period of limitation. *Kapral v. United States*, 166 F.3d 565, 567 (3d Cir. 1999). The limitation period is potentially subject to statutory and equitable tolling, both of which Defendant attempts to invoke here. The Court first turns to § 2255(f), which provides that the statute of limitations begins to run from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.* § 2255(f)(1)-(4). It is undisputed that §§ 2255(f)(2) and (f)(3) are inapplicable to this case. Defendant admits that his motion was not timely filed within one year of his judgment becoming

8

final in accordance with § 2255(f)(1). (*See* Docket Nos. 801-02). However, Defendant contends that § 2255(f)(4) should apply to his motion because it was filed within one year of Mr. Abramovitz's arrest at which time Defendant first became aware of his substance abuse problems. (*Id.*). The Government objects because Mr. Abramovitz's subsequent conduct was unrelated to Defendant's essential § 2255 claims that he provided ineffective assistance during the plea and sentencing in this case and such claims could have been made within one year of the judgment becoming final. (Docket No. 814). In this Court's estimation, the facts supporting Defendant's claims challenging the effectiveness of his counsel during the plea and sentencing proceedings were known to Defendant at that time and § 2255(f)(4) does not save his claims.

The exception under § 2255(f)(4) specifies that a "prisoner has one year to file from the date on which he should have discovered the facts underlying the claims made in the § 2255 motion." *United States v. Johnson*, 590 F. App'x 176, 179 (3d Cir. 2014) (citation omitted). Thus, when the facts challenged via the § 2255 motion are known to Defendant during the pendency of the criminal case, § 2255(f)(4) is inapplicable. *Cf. United States v. Duffus*, 174 F.3d 333, 338 (3d Cir. 1999) (denying relief under § 2255(f)(4) because defendant knew facts supporting claim within limitations period that his counsel failed to move to suppress evidence on his behalf). Here, Defendant complains that he was advised to plead guilty to a count with a 10-year mandatory minimum penalty pursuant to a plea agreement wherein the parties stipulated to a drug quantity of 1-3 kilograms of heroin and the application of a firearm enhancement, which precluded his eligibility for the safety valve. (Docket Nos. 801-02; 819). He raises various arguments as to why he believes these stipulations and the sentence he received are unfair and what he feels his counsel should have challenged during plea negotiations and at the sentencing hearing but allegedly did not because of his substance abuse problem. (*Id.*). Yet, all

of the facts pertaining to the plea and mandatory minimum sentence were known to Defendant throughout the criminal case as they were set forth in his plea agreement; discussed at the change of plea hearing; noted in the Presentence Investigation Report, the Court's Tentative Findings and Rulings and the parties' Sentencing Memoranda; and addressed at the sentencing hearing. (*See e.g.*, *Plea Agreement dated 9/22/14*; Docket Nos. 551; 574; 827).

Defendant further concedes that his counsel advised him prior to the sentencing hearing that he could not challenge the firearm enhancement because it would have breached his stipulation in the plea agreement that he possessed the forfeited firearms to facilitate the criminal conspiracy to which he pled guilty. (*See* Docket Nos. 801-02; 819). He also admits that he was aware that two of his codefendants, including his brother, Donnell, were sentenced below the mandatory minimum because they did not possess firearms and qualified for the safety valve. (*Id*.). In addition, the Court bluntly told Defendant in its closing remarks at the sentencing hearing that "drugs and guns together make for a mandatory minimum in your case." (Docket No. 827 at 33). All told, Defendant was well aware of all of the core facts supporting his § 2255 claims challenging the effectiveness of the advice of counsel he received vis-à-vis his guilty plea and sentence at the time of the sentencing hearing.

Moreover, the only facts which were discovered by Defendant after his sentencing on August 31, 2016 were that his counsel was involved in criminal conduct ten months later in June of 2017, facts which were not revealed publicly until his arrest in February of 2018, at which time Defendant was serving his sentence of incarceration. (Docket Nos. 801-02; 819). While Defendant attempts to raise a claim that Mr. Abramovitz had a "conflict of interest" during the representation because he was a substance abuser, such claim relies upon wholly speculative inferences that due to Mr. Abramovitz's drug-related prosecution in state court, he must have

10

also been abusing controlled substances when he advised Defendant to plead guilty on November 3, 2014 and/or when he represented him at the sentencing hearing on August 31, 2016. But, such speculative allegations are not enough to invoke § 2255(f)(4) or require an evidentiary hearing. *See United States v. Adigun*, No. 1:11-CR-151, 2018 WL 527935, at *3 (M.D. Pa. Jan. 24, 2018) (citing *Zettlemoyer v. Fulcomer*, 923 F.2d 284, 301 (3d Cir. 1991)) ("a Section 2255 movant must offer more than speculation to warrant an evidentiary hearing.").

Defendant's reliance upon equitable tolling fails for many of the same reasons. As the Court of Appeals has explained,

> the doctrine of equitable tolling permits untimely habeas filings in "extraordinary situations." *See Miller v. N.J. State Dep't of Corr.*, 145 F.3d 616, 618 (3d Cir.1998) (holding that AEDPA's one year limitation period may be equitably tolled). There are no bright-line rules for determining when extra time should be permitted in a particular case. *See Sistrunk v. Rozum*, 674 F.3d 181, 190 (3d Cir.2012). Rather, the unique circumstances of each defendant seeking § 2255 relief must be taken into account. *See Pabon v. Mahanoy*, 654 F.3d 385, 399 (3d Cir.2011). Courts should grant a motion for an extension of time to file a § 2255 motion sparingly, and should do so only when the "principles of equity would make the rigid application of a limitation period unfair." *Id.* (quoting *Miller*, 145 F.3d at 618). The Supreme Court has instructed that equity permits extending the statutory time limit when a defendant shows that (1) "he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 130 S.Ct. 2549, 2562–63, 177 L.Ed.2d 130 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005)). Mere excusable neglect is insufficient. *See Robinson v. Johnson*, 313 F.3d 128, 142 (3d Cir.2002).

*United States v. Thomas*, 713 F.3d 165, 174 (3d Cir. 2013).

It is this Court's opinion that Defendant has neither demonstrated that he was pursuing his rights diligently nor that some extraordinary circumstance prevented him from timely asserting his claims. *See id.* To reiterate, prior to the sentencing hearing, Defendant was well

aware of his lawyer's advice to plead guilty to Count 1, which carried a mandatory minimum penalty and the fact that his stipulation as to the firearm precluded him from receiving relief under the safety valve. (*See e.g.*, *Plea Agreement dated 9/22/14*; Docket Nos. 551; 574; 827). He plainly could have challenged the effectiveness of Mr. Abramovitz's representation and advice within one year of the judgment becoming final in this case on September 14, 2016 and has not provided any explanation to the Court as to why he did not do so. At most, it appears that the circumstances surrounding Mr. Abramovitz's arrest and prosecution understandably caused Defendant to reevaluate whether he should have asserted § 2255 claims challenging the effectiveness of the advice he received to accept the prosecution's plea offer but such events did not toll the running of the statute of limitations, which had expired as of September 14, 2017.

For all of these reasons, the Court Defendant's § 2255 motion is denied because it was untimely filed under § 2255(f)(1) and neither § 2255(f)(4) nor equitable tolling apply in this case.

*B. Merits*

The Court also alternatively holds that to the extent that Defendant's § 2255 motion was not barred by the statute of limitations, the same is properly denied without a hearing as he has not demonstrated that he was prejudiced by any alleged errors committed by his counsel during the plea and sentencing proceedings. *See United States v. Lilly*, 536 F.3d 190, 195 (3d Cir. 2008). "[W]hen a defendant claims that his counsel's deficient performance deprived him of a trial by causing him to accept a plea, the defendant can show prejudice by demonstrating a 'reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'" *Lee v. United States*, 137 S. Ct. 1958, 1965, 198 L. Ed. 2d 476 (2017) (quoting *Hill v. Lockhart*, 474 U.S. 52, 59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985)). "Courts should not upset a plea solely because of post hoc assertions from a defendant about how

he would have pleaded but for his attorney's deficiencies. Judges should instead look to contemporaneous evidence to substantiate a defendant's expressed preferences." *Id*. at 1967.

In this Court's estimation, Defendant has failed to demonstrate that he was prejudiced by the alleged erroneous advice of his counsel for several reasons. *See id.* First, Defendant has neither alleged nor presented any contemporaneous evidence to prove that he would have refused to plead guilty and insisted on going to trial without the allegedly erroneous advice of his counsel. (*See* Docket Nos. 801-02; 819). Instead, Defendant concedes in his Reply that "he agrees to keep his conviction intact" and is only seeking to be resentenced to a period of incarceration below the mandatory minimum after the safety valve is applied in his case. (Docket No. 819). Second, as the Government points out, Defendant was not prejudiced by the advice to plead guilty to Count 1 because he admits the essential facts supporting the drug weight of more than 1 kilogram of heroin throughout his papers, conceding that he invested thousands of dollars into the heroin resupply trip which resulted in law enforcement's recovery of $200,000 and 2,000 bricks of heroin, which weighed in excess of 1 kilogram. (*See e.g.*, Docket No. 802 at 9, 16, 25). Third, Defendant has simply failed to demonstrate that the safety valve should have applied in his case such that he was not prejudiced by any alleged erroneous advice[3] to accept the

---

[3] Although the Court need not reach the effectiveness prong, the advice provided here was not constitutionally inadequate as Defendant admits that he was advised of the statutory minimum and maximum penalties. (*See* Docket Nos. 801-02; 819). As this Court has recognized previously,

> The Supreme Court of the United States recognized in *Frye* and *Lafler* that the Sixth Amendment right to counsel provides that an accused is entitled to the effective assistance of counsel at all phases of the prosecution of criminal charges, *see Missouri v. Frye*, ––– U.S. –––, –––, 132 S.Ct. 1399, 1404, 182 L.Ed.2d 379 (2012), including during the plea-bargaining process and the entry of a guilty plea. *Lafler v. Cooper*, ––– U.S. –––, –––, 132 S.Ct. 1376, 1384, 182 L.Ed.2d 398 (2012). The Supreme Court held in *Frye* that a criminal defense lawyer was constitutionally ineffective for failing to communicate a plea agreement offer to his client and expounded in *Lafler* that "[i]f a plea bargain has been offered, a defendant has the right to effective assistance of counsel in considering whether to accept it." Counsel is required to "give a defendant information sufficient 'to make a reasonably informed decision

prosecution's stipulation that he possessed the forfeited firearms in facilitation of Count 1. Once again, Defendant admits sufficient facts in his papers to justify the application of the sentencing enhancement and to preclude safety valve relief because he admits that he committed the conspiracy offense and that he possessed the firearm at his residence during the conspiracy, which was seized along with "four cellular telephones of various makes and models, one Apple I-Pad tablet, one Apple I-Pod, one digital camera, drug paraphernalia, suspected heroin packaged for sale," ammunition and indicia of Defendant. (*See* PIR, Docket No. 551 at ¶ 14). Therefore, Defendant has failed to demonstrate that the outcome of the proceeding would have been different as he is plainly ineligible for the safety valve. *See e.g., Orozco v. United States*, No. 2:12-CV-07405 DMC, 2013 WL 4483404, at *2 (D.N.J. Aug. 20, 2013) (relief under § 2255 appropriately denied where defendant "failed to show that there was a 'reasonable probability' that he would have qualified to receive the 'Safety Valve' under U.S.S.G. § 5C1.2 and 18 U.S.C. § 3553(f).").

Overall, the Court finds that there is no basis in law or fact justifying the extraordinary relief to set aside Defendant's valid conviction and sentence under § 2255. *See Travillion*, 759 F.3d at 288. Accordingly, his Motion is denied.

V. CONCLUSION

Based on the foregoing, Defendant's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 [801] is denied, with prejudice. The Court also holds that Defendant has failed to make a substantial showing of the denial of a Constitutional right and is not entitled to a

---

whether to accept a plea offer.'" *Shotts v. Wetzel*, 724 F.3d 364, 376 (3d Cir. 2013) (quoting *United States v. Day*, 969 F.2d 39, 43 (3d Cir. 1992)). A court may find counsel to be ineffective when the advice given is "so incorrect and so insufficient that it undermined the defendant's ability to make an intelligent decision." *Day*, 969 F.2d at 43.

*United States v. Slane*, Crim No. 11-81, 2015 WL 728481, at *15 (W.D. Pa. Feb. 19, 2015).

certificate of appealability.  An appropriate Order follows.

*s/Nora Barry Fischer*
Nora Barry Fischer
U.S. District Judge

Dated: February 4, 2019

cc/ecf: All counsel of record

       Donnie Morris (USMS # 34136068)
       Satellite Prison Camp Hazelton
       P.O. Box 2000
       Bruceton Mills, WV